**UNITED STATES, Plaintiff,**

v.

**Gladys H. FREEMAN et al., Defendants.**

Crim. No. 583–56.

United States District Court
District of Columbia.

Sept. 28, 1956.

Oliver Gasch, U. S. Atty., and Harold H. Titus, Jr., Asst. U. S. Atty., Washington, D. C., for plaintiff.

Myron G. Ehrlich and Joseph Sitnick, Washington, D. C., for defendants.

HOLTZOFF, District Judge.

This is a motion to suppress evidence consisting largely of lottery tickets, popularly known as "numbers slips", and

cognate articles. The search and seizure were made in premises occupied by the moving defendant. They were made pursuant to a search warrant. The basis of the motion, however, is that the warrant was illegally executed and that, therefore, this search and seizure were illegal and the evidence should consequently be suppressed.

The basis for this motion is Section 3109 of Title 18 of the United States Code which relates to the execution of search warrants and provides as follows:

> "The officer may break open any outer or inner door or window of a house, or any part of a house, or anything therein, to execute a search warrant, if, after notice of his authority and purpose, he is refused admittance or when necessary to liberate himself or a person aiding him in the execution of the warrant."

The officer testified that armed with the search warrant he went to the premises; that he knocked on the door and that he rang the doorbell and continued this procedure for about five minutes; that he received no response; that he then called out the word "Police", and thereupon when the door was still not opened he broke a pane of glass in the door in order to be able to open the door by force.

The moving defendant in part corroborates the officer's testimony. She testified that she was in the premises; that she heard a knock on the door; and that she failed to respond; and that later the glass was broken and the police entered. She says she did not hear the word "Police" or anything else beyond the knock on the door.

The Court finds the facts to be as testified to by the police officer, namely, that he knocked on the door and rang the doorbell for several minutes; that he then called out the word "Police"; that he received no response and that he then broke a pane of glass to an extent sufficient to make it possible for him to open the outer door.

■ It is claimed in support of the motion that the officer's own testimony shows that he failed to comply with the statute in that he did not give notice of his authority and purpose. In matters of this kind substantial compliance is all that is required. He knocked on the door and he gave notice of his authority in that he announced that it was the police who were seeking entry. To be sure, he did not specifically state that he was there to execute a search warrant or a warrant of arrest. It seems to the Court, however, that the announcement that the police were seeking to enter would give notice to a reasonable person that the purpose of seeking the entry is either to make an arrest or to make a search and that it was not just a social visit.

■ The Court is, therefore, of the opinion that the statute has been complied with. There is, however, a larger question involved in this case. It is well settled that evidence obtained in violation of the Fourth Amendment may be suppressed on a motion made by a party who is aggrieved. A search made pursuant to a valid search warrant, however, complies with the requirements of the Fourth Amendment. The statute directs the mode in which a valid search warrant shall be executed. A violation of such a statute does not necessarily rise to the dignity of a violation of the Fourth Amendment.

■ It is well settled, of course, that evidence illegally obtained, if the illegality does not consist of a violation of a constitutional provision, is not rendered inadmissible by the mode by which it was obtained.[1] For example, if evidence is stolen it is, nevertheless, admissible. The statute in Section 2234 of Title 18 imposes a criminal penalty on anyone who willfully exceeds his authority in executing a search warrant.

---

1. Olmstead v. United States, 277 U.S. 438, 48 S.Ct. 564, 72 L.Ed. 944; Hart v. United States, 76 U.S.App.D.C. 193, 196, 130 F.2d 456.

In other words, an officer who willfully executes a search warrant in an illegal manner may, perhaps, subject himself to criminal liability, but since the statute limits itself to imposing a criminal liability it cannot be implied that an additional penalty is imposed upon the public in making the evidence so obtained inadmissible.[2]

In other words, the Court is of the opinion that a violation of Section 3109 of Title 18, governing the mode in which a search warrant shall be served, does not render inadmissible and does not require suppression of the evidence so obtained even though the officer may thereby subject himself to a criminal penalty.

For the reasons stated, the motion is denied.

2. Subsequently to this decision, an opinion of the Court of Appeals for the Fifth Circuit was published arriving at the same result as is reached here, i. e., that illegality in the manner of the execution of a search warrant does not render inadmissible any evidence obtained thereunder. Barrientes v. U. S., 5 Cir., 235 F.2d 116.