PEOPLE v HARVEY

1. SEARCHES AND SEIZURES—BREAKING DOORS—NOTICE BEFORE EN-
TERING—STATUTES.

The statute requiring that an officer to whom a search warrant is directed must give notice of his authority and purpose before breaking into a house was complied with when, in a hard drug case, an officer knocked on the door leading to the living quarters, loudly announced the presence of a law enforcement agency with a search warrant, announced the purpose, a raid, waited long enough for the inhabitants to reach the door from the room farthest away, and then kicked the door in (MCLA 780.656).

---

REFERENCE FOR POINTS IN HEADNOTES

[1, 2]  47 Am Jur, Searches and Seizures § 52.

2. Searches and Seizures—Breaking Doors—Notice Before Entering—Outer Doors.

> Failure of police officers, when the officers kicked down an outer screen door of a semi-closed-in porch in front of the defendant's home, to comply with the provisions of the statute requiring an officer to whom a search warrant is directed to give notice of his authority and purpose before breaking into a house was irrelevant, where the provisions of the statute were met prior to breaking in the door to the living quarters (MCLA 780.656).

Appeal from Kalamazoo, Wade Van Valkenburg and Donald T. Anderson, JJ. Submitted Division 3 December 8, 1971, at Grand Rapids. (Docket No. 11330.) Decided January 21, 1972.

Henry Harvey was charged with possession of narcotics. Defendant's motion to suppress evidence denied. Defendant appeals by leave granted. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Donald A. Burge,* Prosecuting Attorney, and *Duane T. Triemstra,* Assistant Prosecuting Attorney, for the people.

*Gary Stewart,* for defendant.

Before: R. B. Burns, P. J., and Fitzgerald and V. J. Brennan, JJ.

Fitzgerald, J. On or about July 15, 1970, Detective Kenneth Blue of the Kalamazoo County Sheriff's Department obtained a search warrant to search a residence located at 309 East Prouty Street. This warrant was issued by virtue of an affidavit signed by Blue in which he stated that he gave a certain informer well-known to him the sum of $5 with

which to purchase drugs. The informer entered the residence at 309 Prouty Street. He returned without the money, but instead, with a white powder which analysts determined to be heroin. The informer was searched before and after the entry.

The search warrant was signed by Judge Patrick McCauley of the 9th Judicial District for the City of Kalamazoo. Detective Blue and other officers then proceeded to 309 East Prouty Street to execute this warrant.

Upon arriving at the above address, Detective Blue and the others approached the residence and knocked several times on the outer screen door of a semi-closed-in porch on the front of the home. The house lights were on but no one came to the door. When there was no response to the knocking, Blue tried the door and, finding it was locked, pushed it in.

After pushing in the outer door, the officers were confronted by an innner door leading to the living room of the premises. The officers knocked on this inner door and shouted "This is the sheriff's department, this is a raid". After waiting a few seconds, Blue began the process of kicking the inner door in and simultaneously he yelled, "I have a search warrant". When the door gave way, the officers entered the home and observed the defendant, Henry Harvey, either standing in the living room or coming toward the front door. Detective Blue identified himself and subsequently read the search warrant to defendant. Then Blue began a search of the premises. The search revealed illegal drugs. Defendant was arrested and charged with possession of narcotics.

After the preliminary examination, defendant filed a motion to suppress the evidence on the grounds that the warrant was improperly executed

because the officers made no announcement of authority or purpose prior to breaking in the outer door and, in addition, that they gave the defendant no opportunity to respond after a brief announcement of authority and purpose prior to kicking the inner door in. The motion to suppress was denied by opinion dated December 16, 1970, which, *inter alia,* said:

"The third objection raised is that the detective merely knocked on the door and failed to state that it was a raid and did not give the occupants sufficient time to admit him. The testimony shows that there were several knocks and a statement made that there were representatives from the sheriff's department making the call. It is well known, particularly in these drug cases, that rather rapid action must take place, otherwise the evidence will be destroyed. It has been the experience of officers, particularly in recent months, to learn that the common practice is to flush the powders or liquids, as they may be, down the toilets so as to destroy the same. One other danger has become apparent and that is that the people inside the building might be armed and this would place them into a position where they would be able to fire upon the sheriff's men or policemen, as the case may be. Certainly the officers have the duty to protect themselves."

The defendant sought leave to appeal the interlocutory order of the trial judge denying the motion to suppress. Leave was granted by this Court on April 27, 1971.

On appeal, defendant contends that the search warrant was improperly executed in violation of the statutory authority directing such execution, MCLA 780.656; MSA 28.1259(6), and also in violation of the Michigan Constitution.

The statute demands that the officer to whom a warrant is directed give notice of his authority and purpose before breaking into a house.

This Court is not unmindful of the constitutional safeguards afforded by the Fourth Amendment of the United States Constitution and incorporated into the laws of each state by the Fourteenth Amendment. It, however, feels compelled to agree with plaintiff that the statute was complied with in the instant case. In a hard drug case, where the officer has knocked on the door leading to the living quarters, loudly announced the presence of a law enforcement agency with a search warrant, announced the purpose, a raid, waited long enough for the inhabitants to reach the door from the room farthest away, and then began to kick in the door, the statute is complied with. This was the factual situation according to Detective Blue's uncontroverted testimony. See, also, *People* v *Doane*, 33 Mich App 579 (1971).

Though the officers failed to comply with the provisions of the pertinent statute prior to breaking in the outer door, a screen door, on a screened-in porch, this is irrelevant because the provisions of the statute were met prior to entry into the living quarters. Just as officers could not be expected to give notice of authority and purpose prior to entering the outside door of a high-rise apartment building, they could not be expected to comply more substantially than they did in the present case prior to knocking on the door separating them from the inhabitants' living quarters.

The defendant is further protected since the search warrant was issued only after probable cause had been determined by a judge.

This Court, therefore, finds that the warrant was properly executed.

Accordingly, the action of the trial court is affirmed.

All concurred.