PEOPLE v VASQUEZ (ON REMAND)

Docket No. 204506. Submitted July 8, 1997, at Lansing. Decided December 19, 1997, at 9:15 A.M. Leave to appeal sought.

Jeremy S. Vasquez, charged in the Saginaw Circuit Court with possession with intent to deliver marijuana, moved for the suppression of evidence seized during the execution of a warrant that had authorized the search of an occupied dwelling. The defendant argued that the police had failed to knock on the door and announce their identity and purpose as required by MCL 780.556; MSA 28.1259(6). The court, Leopold P. Borrello, J., granted the motion. The Court of Appeals, WAHLS, P.J., and CAVANAGH and J. F. KOWALSKI, JJ., affirmed in an unpublished opinion per curiam, issued March 11, 1997 (Docket No. 176917), holding that the noncompliance with the knock-and-announce statute could not be excused by exigent circumstances and that the search and seizure was unreasonable and violated the Fourth Amendment. The Supreme Court, in lieu of granting leave to appeal, remanded the case to the Court of Appeals for reconsideration in light of *Richards v Wisconsin*, 520 US ___; 117 S Ct 1416; 137 L Ed 2d 615 (1997). 454 Mich 920 (1997).

On remand, the Court of Appeals *held*:

As held in *Richards*, the Fourth Amendment incorporates the common-law requirement that police officers entering a dwelling must knock on the door and announce their identity and purpose before attempting forcible entry. The knock-and-announce requirement could give way under circumstances presenting a threat of physical violence, or where police officers have reason to believe that evidence would likely be destroyed if advance warning were given. In order to justify a no-knock entry, the police must have a reasonable suspicion that knocking and announcing their presence, under the particular circumstances, would be dangerous or futile, or that it would inhibit the effective investigation of the crime.

In this case, knocking and announcing would not have increased the danger to the police, would not have been futile, and would not have inhibited the effective investigation of the alleged crime.

Affirmed.

SEARCHES AND SEIZURES — KNOCK AND ANNOUNCE.

> Police officers executing a warrant authorizing the search of a dwelling must knock on the door and announce their identity and purpose before attempting forcible entry, unless they have a reasonable suspicion that knocking and announcing their presence, under the particular circumstances, would be dangerous or futile, or would inhibit the effective investigation of the crime (US Const, Am IV).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Michael D. Thomas*, Prosecuting Attorney, and *J. Thomas Horiszny*, Assistant Prosecuting Attorney, for the people.

*James Tiderington*, for the defendant.

ON REMAND

Before: WAHLS, P.J., and HOLBROOK, JR., and CAVANAGH, JJ.

PER CURIAM. The prosecution originally appealed by leave granted from the trial court's order granting defendant's motion to suppress evidence seized during the execution of a search warrant. This Court initially affirmed the trial court's order. *People v Vasquez*, unpublished opinion per curiam of the Court of Appeals, issued March 11, 1997 (Docket No. 176917). The prosecution applied for leave to appeal, and our Supreme Court, in lieu of granting leave, remanded to this Court "for reconsideration in light of *Richards v Wisconsin*, 520 US ___; 117 S Ct 1416; 137 L Ed 2d 615 (1997)." *People v Vasquez*, 454 Mich 920 (1997). On remand, we again affirm.

In *Richards*, the United States Supreme Court reiterated its holding that "the Fourth Amendment incorporates the commonlaw requirement that police officers entering a dwelling must knock on the door

and announce their identity and purpose before attempting forcible entry." *Richards, supra,* 117 S Ct 1418. The Court held that the knock-and-announce requirement could give way "under circumstances presenting a threat of physical violence," or "where police officers have reason to believe that evidence would likely be destroyed if advance notice were given." *Id.* at 1420. Whether circumstances justify noncompliance with the knock-and-announce rule must be decided case by case. *Id.* at 1421. In order to justify a "no-knock" entry, "the police must have a reasonable suspicion that knocking and announcing their presence, under the particular circumstances, would be dangerous or futile, or that it would inhibit the effective investigation of the crime by, for example, allowing the destruction of evidence." *Id.*

Obviously, *Richards* does not alter our analysis regarding Michigan's knock-and-announce statute, MCL 780.556; MSA 28.1259(6). In addition, we continue to believe that the entry violated the Fourth Amendment. This Court will not disturb a trial court's ruling at a suppression hearing unless that ruling is found to be clearly erroneous. *People v Chambers,* 195 Mich App 118, 121; 489 NW2d 168 (1992). A decision is clearly erroneous if, although there is evidence to support it, the Court is left with a definite and firm conviction that a mistake has been made. *Id.*

The facts of this case do not leave us with a definite and firm conviction that knocking and announcing would have increased the danger to the police. Although the police officers had been advised that one of the individuals thought to live at the house was known to carry a shotgun, there was no evidence suggesting that this individual was likely to use the

weapon against the police or that he had violent or assaultive propensities. See *State v Piller*, 129 Ariz 93, 96; 628 P2d 976, 979 (Ariz App, 1981); *People v Bennetto*, 10 Cal 3d 695, 701; 111 Cal Rptr 699; 517 P2d 1163 (1974). Clearly, the fact that an occupant of a residence owns or carries a gun cannot eliminate the knock-and-announce requirement in all cases.

The facts of this case also do not leave us with a definite and firm conviction that it would have been futile for the police to knock and announce their presence. In *Richards*, when the police knocked, the petitioner opened the front door a crack while a chain was still attached to the door. When the petitioner saw a uniformed man, he quickly slammed the door. *Richards, supra*, 117 S Ct 1419. Similarly, in *People v Doane*, 33 Mich App 579, 581-584; 190 NW2d 259 (1971), rev'd on other grounds 387 Mich 608; 198 NW2d 292 (1972), after knocking, the police saw the defendant and his wife observing them through a window. Here, in contrast, as the officers approached the house, a person looked out the front window and saw them. The officers then observed movement toward the rear of the house. This is not a case where the officers heard running or other suspicious noises. See *People v Williams (After Remand)*, 198 Mich App 537, 545-546; 499 NW2d 404 (1993) (summarizing cases in which exigent circumstances have been found). Under these circumstances, we are not left with a definite and firm conviction that it would have been futile for the police to have knocked and announced their presence.

Finally, there is no indication that, by knocking and announcing, the police would have inhibited the effective investigation of the crime. The fact that the

police observed some indeterminate movement toward the rear of a crowded house does not necessarily create a reasonable suspicion that evidence was about to be destroyed.[1] If these circumstances justify noncompliance with the knock-and-announce rule, then the rule is essentially meaningless. Whatever the precise status of the knock-and-announce rule, the Supreme Court has declined to render it meaningless. See *Richards, supra,* 117 S Ct 1421.

Evidence seized in violation of the Fourth Amendment is subject to the exclusionary rule. *People v Polidori,* 190 Mich App 673, 678; 476 NW2d 482 (1991). Under the particular facts of this case, and applying the test set out in *Richards,* we are not left with a definite and firm conviction that the trial court erred in granting defendant's motion to suppress.

Affirmed.

---

[1] Indeed, it would seem far more suspicious if, at 7:30 P.M., the police approached a house with thirteen people inside and saw no movement.