PEOPLE v POLIDORI

Docket No. 133018. Submitted May 14, 1991, at Detroit. Decided
August 19, 1991, at 9:25 A.M. Leave to appeal sought.

Dwayne E. Polidori was charged in the Recorder's Court for the
City of Detroit with possession with intent to deliver more than
50 grams, but less than 225 grams, of a controlled substance.
The defendant moved to suppress the evidence, arguing that
the police officers who executed a warrant to search his home
did not allow a reasonable amount of time for the occupants to
answer the door before forcing their way in. The court, James
N. Garber, J., denied the motion, finding that, although the
officers did not comply with the knock-and-announce statute,
MCL 780.656; MSA 28.1259(6), the search merely was violative
of the statute, not constitutionally invalid. The court refused to
apply the exclusionary rule, concluding that the deterrent aim
of the rule would not be properly served by suppressing the
evidence because there was a statutory remedy available if the
officers wilfully violated the statute, MCL 780.657; MSA
28.1259(7). The defendant appealed by leave granted.

The Court of Appeals *held:*

The court erred in deciding that suppression of the evidence
was not an appropriate remedy for the violation of the knock-
and-announce statute.

1. The requirement that officers identify themselves and state
their authority and purpose before entering a private residence
has its roots in the Fourth Amendment. When the method of
entry violates the knock-and-announce statute, the exclusion-
ary rule may come into play if the Fourth Amendment stan-
dard of reasonableness is also offended. Evidence seized in
violation of the Fourth Amendment is subject to the exclusion-
ary rule.

2. The search and seizure in this case was constitutionally
invalid because, under the circumstances, the police acted
unreasonably when they executed the search warrant.

3. The existence of a statutory remedy does not preclude
application of the exclusionary rule.

Reversed.

W. R. BEASLEY, J., concurred in the result only.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training and Appeals, and *Jeffrey Caminsky,* Assistant Prosecuting Attorney, for the people.

*Daniel J. Blank* and *Jerome M. Goldman,* for the defendant.

Before: CAVANAGH, P.J., and NEFF and W. R. BEASLEY,* JJ.

CAVANAGH, P.J. Defendant is awaiting trial on a charge of possessing with the intent to deliver a controlled substance in an amount of 50 grams or more, but less than 225 grams, MCL 333.7401(2)(a)(iii); MSA 14.15(7401)(2)(a)(iii), pending our disposition of the present appeal. Defendant claims that the trial court erred in deciding that suppression of the evidence was not the appropriate remedy for a violation of Michigan's knock-and-announce statute, MCL 780.656; MSA 28.1259(6). We agree with defendant and reverse the decision made below.

According to the evidence submitted at the suppression hearing, police officers obtained a search warrant for defendant's home after successfully completing a controlled "buy." On November 9, 1989, at approximately 7:00 P.M., four or five police officers in plain clothes armed with rifles arrived in an unmarked van at defendant's home. Within six seconds of knocking and announcing their presence, the police officers forced their way in with a battering ram.

Defendant moved for suppression of the evidence

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

seized in his home, arguing that the police officers did not allow a reasonable time for the occupants to answer the door. Relying on *People v Harvey,* 38 Mich App 39; 195 NW2d 773 (1972), and *People v Doane,* 33 Mich App 579; 190 NW2d 259 (1971), rev'd 387 Mich 608; 198 NW2d 292 (1972), defendant insisted that, to comply with the statute, the police officers had to knock, announce their presence and purpose, and wait long enough for the occupants to reach the door from the room farthest away.

In deciding defendant's motion, the trial court agreed that the knock-and-announce statute had been violated by the conduct of the police officers because, absent any exigent circumstances, a forced entry after a three- to six-second wait did not substantially comply with the statute. However, the trial court also ruled that "the search and seizure was not constitutionally invalid but rather was merely statutorily illegal." Consequently, the trial court refused to apply the exclusionary rule.

The trial court further relied on the fact that the statute provided its own remedy in case an officer wilfully exceeded his authority. See MCL 780.657; MSA 28.1259(7). The court concluded that the deterrent aim of the exclusionary rule would not be properly served by suppressing the evidence because there was a statutory remedy available if the officers wilfully violated the statute. It is with the trial court's ruling with respect to the application of the exclusionary rule that we disagree.

US Const, Am IV provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon prob-

able cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

The constitution does not forbid all searches and seizures, only unreasonable ones. *Harris v United States,* 331 US 145, 150; 67 S Ct 1098; 91 L Ed 1399 (1947). Consequently, the lawfulness of a search or seizure will depend upon its reasonableness. *Ker v California,* 374 US 23, 32; 83 S Ct 1623; 10 L Ed 2d 726 (1963); *People v Orlando,* 305 Mich 686, 690; 9 NW2d 893 (1943). Because there is no formula for the determination of reasonableness, each case must be decided on its own facts. *Go-Bart Importing Co v United States,* 282 US 344, 357; 51 S Ct 153; 75 L Ed 374 (1931).

MCL 780.656; MSA 28.1259(6) provides:

The officer to whom a warrant is directed, or any person assisting him, may break any outer or inner door or window of a house or building, or anything therein, in order to execute the warrant, if, after notice of his authority and purpose, he is refused admittance, or when necessary to liberate himself or any person assisting him in execution of the warrant.

Although there is no Michigan case that directly deals with the sanction that should follow a violation of the knock-and-announce statute, we agree with a number of other jurisdictions that the requirement that officers identify themselves and state their authority and purpose before entering a private residence has its roots in the Fourth Amendment. See *People v Gonzalez,* 211 Cal App 3d 1043, 1048; 259 Cal Rptr 846 (1989), *Tatman v State,* 320 A2d 750, 751 (Del, 1974), *Commonwealth v Chambers,* 385 Pa Super 605, 610; 561 A2d 1257 (1989), lv gtd 523 Pa 647; 567 A2d 650

(1989), and *State v Carufel,* 112 RI 664, 668; 314 A2d 144 (1974).

Consequently, when the method of entry violates the knock-and-announce statute, the exclusionary rule may come into play if the Fourth Amendment standard of reasonableness is also offended. See *Ker, supra* at 47. Because the primary purpose of the constitutional guarantee is to prevent unreasonable invasions, if a police officer has reasonable cause to enter a dwelling to make an arrest, his entry and search are not unreasonable. *Ker, supra* at 39, relying on *People v Maddox,* 46 Cal 2d 301, 306; 294 P2d 6 (1956). If the police officers have a basis to conclude that evidence will be destroyed or lives will be endangered by delay, strict compliance with the statute may be excused. Similarly, if events indicate that compliance with the statutory requirements would be a useless gesture, the requirement that the police officers wait for admission may also be excused. *Gonzalez, supra* at 1048.

For example, in *People v Marinez,* 160 Ill App 3d 349, 353; 513 NE2d 607 (1987), the court concluded that the information acquired by the police officers "was insufficient to supply the requisite exigent circumstances which would permit them to dispense with the 'knock-and-announce' rule." There was no proof that the evidence sought to be seized was kept in a place that would facilitate its destruction. Nor was there any indication that the occupant was armed. Without more, there was no justification for the conduct of the police.

In this case, we believe that the search and seizure was constitutionally invalid, not merely statutorily illegal. There is no claim that a search carried out in compliance with the statute would have resulted in the destruction of the evidence, increased the danger to the police officers, or been a useless gesture. Under these circumstances, we

can only conclude that the police officers acted unreasonably when they executed the search warrant. Because there was no evidence introduced at the suppression hearing to justify the simultaneous forced entry of defendant's home, we can find no reason to excuse the police officers from complying with the requirements of our knock-and-announce statute.

With respect to the influence of the statutory remedy on our analysis, we do not agree that the existence of that remedy precludes application of the exclusionary rule. There can be no dispute that evidence seized in violation of the Fourth Amendment is subject to the exclusionary rule. *Mapp v Ohio,* 367 US 643; 81 S Ct 1684; 6 L Ed 2d 1081 (1961).

Reversed.

NEFF, J., concurred.

W. R. BEASLEY, J., concurred in the result only.