PEOPLE v ASHER

Docket No. 158306. Submitted July 7, 1993, at Detroit. Decided February 22, 1994, at 9:00 A.M. Leave to appeal sought.

Kathleen Asher was charged in the Recorder's Court of Detroit with possession with intent to deliver marijuana. The defendant moved to suppress as evidence items seized at her residence pursuant to a search warrant on the basis that the police had failed to comply with the knock-and-announce statute, MCL 780.656; MSA 28.1259(6). The testimony at the suppression hearing indicated that the police knocked and announced their presence as police officers and, on hearing no response, entered the residence within five seconds of knocking. The court, Dalton A. Roberson, J., granted the motion to suppress and dismissed the charge. The prosecution appealed.

The Court of Appeals *held:*

1. Although strict compliance with the knock-and-announce statute may be excused if the police officers have a basis to conclude that evidence will be destroyed or that lives will be put in danger by any delay, where, as here, there is no sound basis for a belief that evidence would be destroyed or that weapons were possessed by persons in the residence, strict compliance with the provisions of the statute is required.

2. Administrative Order No. 1990-6 requires application of the decision in *People v Polidori,* 190 Mich App 673 (1991), that any failure to comply with the requirements of the knock-and-announce statute requires application of the exclusionary rule with respect to any evidence seized. Accordingly, the trial court did not err in suppressing the evidence.

Affirmed.

H.R. GAGE, J., dissenting, stated that the trial court erred in suppressing the evidence and dismissing the charge because,

REFERENCES

Am Jur 2d, Searches and Seizures §§ 165-170.

What constitutes compliance with knock-and-announce rule in search of private premises—state cases. 70 ALR3d 217.

Sufficiency of showing of reasonable belief of danger to officers or others excusing compliance with "knock and announce" requirement—state criminal cases. 17 ALR4th 301.

although the requirements of the knock-and-announce statute were not satisfied, *People v Polidori,* 190 Mich App 673 (1991), does not require suppression of evidence seized during a search for every violation of that statute, but rather requires suppression only for those violations that result in a search or seizure that is unreasonable in the constitutional sense. The record in this case does not establish a basis for finding that the search and seizure in this case, although contrary to statute, was unreasonable in the constitutional sense.

SEARCHES AND SEIZURES — KNOCK-AND-ANNOUNCE STATUTE — EVIDENCE — EXCLUSIONARY RULE.

Any entry by the police for the purpose of searching a premises that is in violation of the requirements of the knock-and-announce statute requires application of the exclusionary rule with respect to any evidence seized (MCL 780.656; MSA 28.1259[6]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, and *Timothy A. Baughman,* Chief of Research, Training, and Appeals, for the people.

*Daniel J. Blank,* for the defendant.

Before: SAWYER, P.J., and WEAVER and H. R. GAGE,* JJ.

SAWYER, P.J. The people appeal from an order granting defendant's motion to suppress evidence, which resulted in the dismissal of a charge against defendant of possession with intent to deliver marijuana. MCL 333.7401(2)(c); MSA 14.15(7401)(2)(c). We affirm.

On August 4, 1992, police officers from the City of Romulus observed various transactions taking place at defendant's residence. Numerous persons were seen entering the home, remaining for a minute or two, and then leaving. The officers also observed a narcotics transaction taking place in a

* Circuit judge, sitting on the Court of Appeals by assignment.

car outside the premises. On the basis of these observations, they obtained a search warrant.

In executing the search warrant, the first officer to the front door knocked, and several officers then announced their presence as police officers. Within five seconds of knocking and announcing, the officers entered the residence. As a result of the search, defendant was arrested and charged with possession with intent to deliver marijuana.

On September 18, 1992, defendant filed a motion to suppress evidence, arguing that the officers executing the search warrant failed to comply with the Michigan knock-and-announce statute. MCL 780.656; MSA 28.1259(6). Officer Brandemihl testified at the suppression hearing that he heard nothing from the inside of the residence before gaining entry. He further testified that, in his experience, narcotics traffickers usually possess guns in their homes, but that he did not have any firsthand knowledge concerning whether any guns were in this residence at the time of the search.

After hearing the testimony and listening to arguments from both sides, the trial court granted defendant's motion to suppress, citing *People v Polidori,* 190 Mich App 673; 476 NW2d 482 (1991).

The people first argue that the police officers' entry into the premises less than five seconds after knocking and announcing their presence did not violate the knock-and-announce statute. MCL 780.656; MSA 28.1259(6). We disagree.

The people argue that the testimony at the suppression hearing, that the officers witnessed foot traffic at the residence and that weapons are usually present in the home of narcotics traffickers, justified the immediate entry into the home and that, therefore, this case can be distinguished from *Polidori.* We agree that strict compliance with the knock-and-announce statute may be ex-

cused if police officers have a basis to conclude that evidence will be destroyed or lives will be in danger by the delay. However, nothing in this case indicates that there was any evidence that drugs were kept in a manner that would facilitate their immediate destruction or that these particular defendants possessed weapons. Without such evidence, there was no justification for the police to dispense with the requirements of the knock-and-announce statute. *People v Marinez,* 160 Ill App 3d 349, 353; 513 NE2d 607 (1987), cited with approval in *Polidori, supra.* We, therefore, are constrained to conclude that the police officers violated Michigan's knock-and-announce statute.[1]

Finally, the people argue that the exclusion of the evidence obtained by a valid search warrant for the premises was not the appropriate remedy. We would not conclude that a timing error in the execution of a valid search warrant offends the Fourth Amendment reasonableness requirement. However, in *Polidori,* this Court held that if the method of entry violates the knock-and-announce statute, the exclusionary rule must apply. Consequently, we are compelled by Administrative Order No. 1990-6 to follow *Polidori* and conclude that the evidence recovered must be suppressed. Were it not for the administrative order, we would not require the evidence to be suppressed.

Affirmed.

WEAVER, J., concurred.

[1] The dissent endeavors to read *Polidori* as not requiring application of the exclusionary rule to violations of the knock-and-announce statute. It is clear, however, that when the *Polidori* opinion is read as a whole, the Court concluded that the exclusionary rule must be applied to such violations unless there is a basis for concluding that the officers' conduct was reasonable under the circumstances, such as the existence of exigent circumstances or heightened danger to the officers. The dissent points to no such circumstances in this case.

H. R. GAGE, J. *(dissenting).* I agree with the majority's recitation of the facts and with the conclusion that the evidence supported the finding that the execution of the search violated the so-called knock-and-announce statute. MCL 780.656; MSA 28.1259(6). I respectfully dissent from the majority opinion because I do not read *People v Polidori,* 190 Mich App 673; 476 NW2d 482 (1991), as requiring suppression for every violation of the knock-and-announce statute. Furthermore, I would not find that suppression is required in this case.

MCL 780.656; MSA 28.1259(6) permits an officer to break the door or window of a building to execute a warrant if, after notice of his authority and purpose, he is refused admittance. The statute does not provide for suppression of evidence seized in noncompliance with the statute; rather, violation of the statute is punishable as a misdemeanor. MCL 780.657; MSA 28.1259(7).

The majority finds that, "in *Polidori,* this Court held that if the method of entry violates the knock-and-announce statute, the exclusionary *rule must* apply." *Ante,* at 624; emphasis added. In *Polidori, supra* at 677, this Court held:

> Consequently, when the method of entry violates the knock-and-announce statute, the exclusionary rule *may* come into play *if* the Fourth Amendment standard of reasonableness is also offended. [Emphasis added.]

In *Polidori* this Court further observed that a violation would be excused for reasonable cause or exigent circumstances.

In *Polidori,* this Court discussed exigent circumstances in light of *People v Gonzalez,* 211 Cal App 3d 1043, 1048; 259 Cal Rptr 846 (1989), and *People v Marinez,* 160 Ill App 3d 349, 353; 513 NE2d 607

(1987). Illinois and California have adopted rules that require suppression of evidence seized in a search where there are knock-and-announce violations, except where the state can show "exigent circumstances." In these states, "exigent circumstances" have been limited to circumstances where the police have specific information that the narcotics would be immediately destroyed or reason to believe that weapons would be used against them. *Id.* The *Polidori* panel could have explicitly adopted a similar rule of suppression. It did not. Rather, it cited broader principles of Fourth Amendment reasonableness as the test for whether a knock-and-announce violation requires suppression.

The touchstone of any search and seizure analysis is reasonableness. *Florida v Jimeno,* 500 US —, —; 111 S Ct 1801; 114 L Ed 2d 297 (1991). In *Bell v Wolfish,* 441 US 520, 559; 99 S Ct 1861; 60 L Ed 2d 447 (1979), the Court stated:

> The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application. In each case it requires a balancing of the need for the particular search against the invasion of personal rights that the search entails. Courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted. E.g., *United States v Ramsey,* 431 US 606 [97 S Ct 1972; 52 L Ed 2d 617] (1977); *United States v Martinez-Fuerte,* 428 US 543 [96 S Ct 3074; 49 L Ed 2d 1116] (1976); *United States v Brignoni-Ponce,* 422 US 873 [95 S Ct 2574; 45 L Ed 2d 607] (1975); *Terry v Ohio,* 392 US 1 [88 S Ct 1868; 20 L Ed 2d 889] (1968); *Katz v United States,* 389 US 347 [88 S Ct 507; 19 L Ed 2d 576] (1967); *Schmerber v California,* 384 US 757 [86 S Ct 1826; 16 L Ed 2d 908] (1966).

Considering these factors, there was no evidence that the scope of the intrusion exceeded the scope of the warrant. The warrant was limited to a search of the residence for contraband and the proceeds thereof. There was no evidence that the manner of the search violated any laws other than the misdemeanor knock-and-announce statute. There is no evidence of any abusive or oppressive conduct by the police during the search. The search was conducted during the daytime hours. The justification for the search was the warrant based on an affidavit. The search was conducted at defendant's home.

The fact that the search was conducted in defendant's home merits heightened scrutiny. However, except for the violation of the statute, none of the facts of this case would support a conclusion that the search was unreasonable.

For the above reasons, I would reverse and remand for further proceedings.