PEOPLE v TANNER

Docket No. 176887. Submitted March 5, 1997, at Lansing. Decided April 4, 1997, at 9:40 A.M. Leave to appeal denied, 455 Mich 862.

Gale M. Tanner was convicted by a jury in the Oakland Circuit Court, Alice Gilbert, J., of possession with intent to deliver between 225 and 650 grams of cocaine and possession of a firearm during the commission of a felony. The court, David Kerwin, J., sentenced the defendant to consecutive sentences of two years for the felony-firearm conviction and twenty to thirty years for the controlled substance conviction. The defendant appealed, alleging that the court, Robert Anderson, J., erred in denying his pretrial motion for an evidentiary hearing to determine whether the police violated the knock and announce statute, MCL 780.656; MSA 28.1259(6), when they executed a search warrant at the defendant's residence. The defendant also alleged that the trial court abused its discretion in admitting into evidence an affidavit by a police officer that was submitted when the officer requested the issuance of the search warrant.

The Court of Appeals *held*:

1. The trial court abused its discretion in admitting the affidavit pursuant to the public records exception to the hearsay rule, MRE 803(8). The evidence was offered to prove the officer's assertion that he actually received certain information from the unidentified declarants. The officer generated the affidavit in connection with his investigation of the defendant for suspected cocaine trafficking, and it included matters that the officer had observed. The affidavit contained hearsay evidence that did not fit within the exception.

2. Although defense counsel made use of the affidavit in his closing argument, that argument did not contribute to the court's error in admitting the affidavit.

3. The error in admitting the affidavit was not harmless.

4. The trial court erred in refusing to grant the defendant's motion for a hearing to determine whether the police violated the knock and announce statute. The matter must be remanded for a hearing to determine if the statute was violated and, if so, whether under the circumstances the failure to knock and announce was reasonable.

Reversed and remanded.

1. CRIMINAL LAW — EVIDENCE — HEARSAY — EXCEPTIONS — PUBLIC RECORDS.

   The public records exception to the hearsay rule allows for the admission of records, reports, statements, or data compilations of public offices or agencies that set forth the activities of the office or agency or matters observed pursuant to a duty imposed by law regarding which matters there was a duty to report; the exception does not apply in criminal cases to matters observed by police officers and other law enforcement personnel (MRE 803[8]).

2. SEARCHES AND SEIZURES — KNOCK AND ANNOUNCE RULE.

   The knock and announce statute requires police officers executing a search warrant to knock, announce their identity and purpose, and allow the occupants of the house reasonable time to answer the door from the most remote room in the house before they may forcibly enter in order to execute the warrant; the exclusionary rule comes into play where the police fail to comply with the statute and their entrance otherwise violates the Fourth Amendment standard of reasonableness (MCL 780.656; MSA 28.1259[6]).

3. SEARCHES AND SEIZURES — KNOCK AND ANNOUNCE RULE — MOTIONS AND ORDERS.

   Testimony by police officers at a defendant's trial that they complied with the knock and announce statute in executing a search warrant does not remedy the trial court's error in refusing to grant the defendant's pretrial motion for an evidentiary hearing to determine if the statute had been violated where, at trial, the court was not called upon to judge the credibility of the officers' testimony vis-à-vis their compliance with the statute and the court did not hear the testimony of the defendant with regard to the issue (MCL 780.656; MSA 28.1259[6]).

4. CONSTITUTIONAL LAW — RIGHT TO CONFRONTATION — EVIDENCE — SEARCH WARRANTS — AFFIDAVITS — CONFIDENTIAL INFORMANTS.

   A defendant's right to confront accusers is violated where a trial court admits into evidence an affidavit by a police officer that was submitted when the officer requested the issuance of a search warrant for the defendant's residence, the affidavit contains hearsay statements from a confidential informant accusing the defendant of crimes, and the confidential informant is not identified or produced at the trial (US Const, Am VI; Const 1963, art 1, § 20; MRE 801[c], 802).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *David Gorcyca*, Prosecuting

Attorney, and *Kathryn G. Barnes*, Assistant Prosecuting Attorney, for the people.

*Stringari, Fritz, Kreger, Ahearn & Crandall, P.C.* (by *Martin E. Crandall* and *John C. Dickinson*), for the defendant.

Before: FITZGERALD, P.J., and MACKENZIE and TAYLOR, JJ.

TAYLOR, J. Following a jury trial, defendant was convicted of possession with intent to deliver between 225 and 650 grams of cocaine, MCL 333.7401(2)(a)(ii); MSA 14.15(7401)(2)(a)(ii), and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). Defendant was sentenced to two years' imprisonment for the felony-firearm conviction and twenty to thirty years' imprisonment for the controlled substance conviction. His sentences are to run consecutively. Defendant appeals from his convictions as of right. We reverse and remand for further proceedings.

Defendant raises numerous issues, two of which merit discussion and appellate relief. Defendant argues that the court abused its discretion in admitting into evidence a four-page affidavit Officer Jim LaLone submitted when requesting a search warrant. We agree.

During trial, a juror submitted a note asking what had initially caused the search of defendant's residence. The prosecutor then asked Officer Edward Thompson, who was testifying when the inquiry was received, questions relating to the juror's note. When Thompson had difficulty remembering the investigative facts leading up to the issuance of the search

warrant, the prosecutor refreshed his recollection with the search warrant and accompanying affidavit. As Thompson began relaying additional facts, defense counsel objected on hearsay grounds because Thompson had no personal knowledge of the facts he was recounting. The prosecutor then moved for the admission of the search warrant and accompanying affidavit. The court admitted the documents into evidence as an exhibit pursuant to MRE 803(8), the business record exception to the hearsay rule.

Hearsay is defined as an out-of-court statement offered in evidence to prove the truth of the matter asserted. MRE 801(c); *People v Hyland*, 212 Mich App 701, 707-708; 538 NW2d 465 (1995). Hearsay is inadmissible as substantive evidence at trial, except as provided for in the Rules of Evidence. MRE 802; *People v Poole*, 444 Mich 151, 159; 506 NW2d 505 (1993). One exception to the hearsay rule, the public records exception, allows for the admission of

> [r]ecords, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, *excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel* . . . . [MRE 803(8) (emphasis added).]

Officer LaLone's search warrant affidavit was not admissible as substantive evidence. First, the affidavit was hearsay. The affidavit contained out-of-court statements by LaLone and unidentified declarants, including a confidential informant. Neither LaLone nor the confidential informant was called as a witness

at trial.[1] Although the affidavit was not submitted for the express purpose of proving the truth of all the information received from each declarant, it was offered to prove the truth of LaLone's assertions that he actually received certain information from the unidentified declarants. Second, LaLone generated the affidavit in connection with his investigation of defendant for suspected cocaine trafficking and it included matters he had observed. It was thus error to admit the affidavit pursuant to MRE 803(8).

The prosecutor argues for the first time on appeal that the affidavit was admissible pursuant to MCL 600.2106; MSA 27A.2106.[2] This statute states that a copy of a court order shall be admissible as evidence in any court. However, this statute is inapplicable.

---

[1] Indeed, when defense counsel asked Detective Carl Solden if he knew who the confidential informant mentioned in the affidavit was, Solden said he did but that he would not divulge the informant's identity even if the judge told him to do so. We note that in *Roviaro v United States*, 353 US 53; 77 S Ct 623; 1 L Ed 2d 639 (1957), the Supreme Court reversed the defendant's conviction on the basis that the failure to disclose an informer's identity prejudiced the defendant's right to a fair trial. See, further, *People v Sammons*, 191 Mich App 351, 368; 478 NW2d 901 (1991) (generally the people are not required to disclose the identity of confidential informants; however, where the disclosure of an informer's identity is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the identity must be disclosed), and *People v Underwood*, 447 Mich 695; 526 NW2d 903 (1994) (case remanded for a hearing in camera to determine whether a confidential informant's proffered evidence is relevant and helpful to the defense or essential to a fair determination of the defendant's guilt).

[2] The prosecutor correctly notes that even if the ground cited by the trial court for admitting evidence was invalid, an appellate court will not reverse if other grounds exist upon which the evidence would have been properly admitted. An appellate court's job is not done until it determines whether any legitimate basis for admitting the evidence existed. *People v Engelman*, 434 Mich 204, 223, n 27; 453 NW2d 656 (1990) (our inquiry is not ended simply because the theories of admissibility advanced by the prosecutor or accepted by the trial court ultimately are found incorrect). *People v Lucas*, 188 Mich App 554, 577; 470 NW2d 460 (1991) (no reversal where court reaches right result but for the wrong reason).

Defendant is challenging the court's admission of LaLone's affidavit, which clearly does not constitute a court order.

The prosecutor next notes that defense counsel made use of the affidavit in his closing argument without stating the significance of the use by defense counsel. Defense counsel did argue that some information in the affidavit was inconsistent with testimony a witness had provided. However, defense counsel's argument did not contribute to the error. The affidavit previously had been admitted over his objection. Once the affidavit had been admitted over objection, defense counsel was merely trying to make the best of a bad situation by arguing that the affidavit was inconsistent with a witness' testimony. See, e.g., *People v Forgash*, 38 Mich App 474, 476, n 1; 196 NW2d 873 (1972) (fact that defense counsel later used some erroneously admitted evidence to suggest a witness was a suspect was irrelevant because an objection had been preserved and counsel was merely attempting to make the best of a bad situation).

Finally, the prosecutor argues that any error in admitting the affidavit was harmless in view of the strong evidence of guilt. While there was other strong evidence of guilt,[3] we find the error was not harmless.

We first note that the prosecution's citation of *People v Mateo*, 453 Mich 203; 551 NW2d 891 (1996), is inapposite. *Mateo* specifically was limited to deter-

---

[3] It appears that defendant likely was a drug dealer. Nevertheless, even drug dealers are entitled to fair trials and the right to confront their accusers. Because defendant was denied these rights, we do not hesitate in reversing defendant's convictions. *People v Degraffenreid*, 19 Mich App 702, 719; 173 NW2d 317 (1969) (even a clearly guilty man is entitled to a fair trial).

mining a proper standard for reviewing nonconstitutional error. Here, admission of the affidavit was preserved constitutional error. LaLone's affidavit contained unsworn statements and information provided by a confidential informant. The informant was never identified or produced at trial for cross-examination. Defendant was thus denied his constitutional right to confront one of his accusers. US Const, Am VI; Const 1963, art 1, § 20. Recalling the origins of the Confrontation Clause, the United States Supreme Court has stated as follows:

> [T]he particular vice that gave impetus to the confrontation claim was the practice of trying defendants on "evidence" which consisted solely of ex parte affidavits or depositions secured by the examining magistrates, thus denying the defendant the opportunity to challenge his accuser in a face-to-face encounter in front of the trier of fact. [*California v Green*, 399 US 149, 156; 90 S Ct 1930; 26 L Ed 2d 489 (1970).]

Extremely damaging information from the confidential informant, who was neither sworn nor cross-examined, was brought to the jurors' attention on several occasions during trial as a result of the admission of the ex parte affidavit. While questioning Eddie Burnett, a neighbor of the defendant, the prosecutor advised Burnett that the affidavit indicated that an informant had been at defendant's house at least twenty times within the last year and had purchased cocaine from defendant each time. The prosecutor then asked Burnett if he had made such a statement or if he was the informant and Burnett answered in the negative. In his rebuttal closing argument, the prosecutor told the jury that a judge had reviewed the affidavit, which the prosecutor characterized as a

statement of probable cause to believe the defendant was a drug dealer, and subsequently signed a search warrant. The prosecutor then said "having this document," the court ordered the police to enter defendant's residence and seize cocaine. Later the prosecutor argued that the affidavit did not simply provide information about Randy Hardy[4] but also provided information from other sources and that one such source had represented that the source had been in the defendant's house about twenty times within the last year and had purchased cocaine from defendant each time. Finally, in its final instructions, the court instructed the jury to base its decision on the evidence in the case, which included the exhibits (which included the affidavit).[5]

The error in admitting the affidavit was simply too prejudicial to be deemed harmless where the jury was repeatedly advised of portions of the affidavit comprising the unsworn statements of an informant that were hearsay and admitted in violation of defendant's right to confront his accusers. See, e.g., *People v Stanaway*, 446 Mich 643, 694; 521 NW2d 557 (1994) (error too prejudicial to be deemed harmless). Further, putting aside the hearsay and confrontation

---

[4] Randy Hardy was identified in the affidavit as having purchased cocaine from defendant.

[5] It is unclear from the record whether the jury saw other prejudicial hearsay information in the affidavit while deliberating. The transcript does not indicate that the jury asked to review the exhibits. However, after the jury had delivered its verdicts and had been polled, the prosecutor suggested that the clerk should take possession of the verdict form and the court responded by saying that they were going to leave it (the verdict form) in the room and also the exhibits. The court could have been referring to the jury room and, if it was, the jury may have reviewed the affidavit while deliberating. However, even if the jury did not review the entire affidavit in the jury room, it was made aware of several damaging portions of the affidavit during trial.

problems, the probative value of the affidavit was substantially outweighed by the danger of unfair prejudice. *People v Wilkins*, 408 Mich 69, 74; 288 NW2d 583 (1980). In *Wilkins*, a police officer was allowed to testify about information an informant had provided. The Supreme Court reversed the defendant's conviction because the jury was provided the content of an unsworn statement of an informant that was not produced at trial that pointed to the defendant's guilt of the crime charged. The Court said that, even ignoring the confrontation problems, reversal was warranted because the prejudicial effect of the evidence was self-evident. A similar holding is warranted in the case at bar. Notwithstanding the other evidence in this case, we find that the prosecutor has not met his burden of establishing that the error was harmless beyond a reasonable doubt. *People v Minor*, 213 Mich App 682, 685; 541 NW2d 576 (1995). While defendant was not entitled to a perfect trial, he was entitled to a fair trial and he did not receive a fair trial as a result of the admission of the affidavit. *People v Reed*, 449 Mich 375, 379; 535 NW2d 496 (1995) (the constitution guarantees only a fair trial, not a perfect one).

Defendant also argues that the trial court erred in refusing to grant his motion for an evidentiary hearing to determine whether the police violated the knock and announce statute, MCL 780.656; MSA 28.1259(6), when they executed the search warrant at defendant's residence. We agree. MCL 780.656; MSA 28.1259(6) provides:

> The officer to whom a warrant is directed, or any person assisting him, may break any outer or inner door or window of a house or building, or anything therein, in order to exe-

cute the warrant, if, after notice of his authority and purpose, he is refused admittance, or when necessary to liberate himself or any person assisting him in the execution of the warrant.

This Court has interpreted this statute to require officers to knock, announce their identity and purpose, and allow the occupants of a house reasonable time to answer the door from the most remote room of the house before they may forcibly enter in order to execute a search warrant. *People v Humphrey*, 150 Mich App 806, 814; 389 NW2d 494 (1986). The exclusionary rule may come into play where the police fail to comply with the knock and announce rule and their entrance otherwise violates the Fourth Amendment standard of reasonableness. *People v Polidori*, 190 Mich App 673, 677; 476 NW2d 482 (1991). See also *Wilson v Arkansas*, 514 US 927; 115 S Ct 1914; 131 L Ed 2d 976 (1995).

In light of the constitutional implications of the knock and announce rule, and the fact that defendant submitted several affidavits to support his allegation that the police failed to knock and announce their presence and purpose before entering his garage and residence, the trial court should have held an evidentiary hearing to determine whether the police actually complied with the statute and, if not, whether their noncompliance was reasonable. Without such a hearing, we are unable to determine whether the knock and announce statute was violated. The trial court is best qualified to hear relevant witnesses' testimony and gauge credibility. See MCR 2.613(C). The record contains no explanation for the trial court's denial of the requested evidentiary hearing and we can surmise none given the affidavits that were filed. Further, tes-

timony at trial from some of the police officers that were present during the execution of the search warrant that they complied with the knock and announce statute does not remedy the trial court's error in refusing to grant an evidentiary hearing before trial. At trial, the court was not called upon to judge the credibility of the officers' testimony vis-à-vis their compliance with the statute and the court did not hear the testimony of defendant regarding this issue. Therefore, we remand this matter to the trial court for a hearing to determine whether the knock and announce statute was violated and, if so, whether under the circumstances the alleged failure to knock and announce was reasonable.

Reversed and remanded for further proceedings consistent with this opinion.