PEOPLE v HOWARD

Docket No. 201907. Submitted October 6, 1998, at Detroit. Decided
December 4, 1998, at 9:05 A.M. Leave to appeal sought.

Troy Howard was charged in the Detroit Recorder's Court with pos-
session with intent to deliver fifty grams or more, but less than 225
grams, of cocaine and with possession with intent to deliver less
than fifty grams of heroin. The court, Terrance K. Boyle, J., on
motion by the defendant, suppressed evidence seized in the execu-
tion of a warrant authorizing the search of a house and dismissed
the charges after determining that the police violated the knock-
and-announce statute, MCL 780.656; MSA 28.1259(6), by not giving
occupants of the house sufficient time to respond before opening a
door by force. The prosecution appealed.

The Court of Appeals *held*:

The remedy of suppression is appropriate for violations of the
knock-and-announce statute only where the police conduct is
unreasonable by Fourth Amendment standards. The timing of the
forcible entry in this case does not rise to the level of unreasonable
police conduct under the Fourth Amendment.

Reversed and remanded.

SEARCHES AND SEIZURES — KNOCK AND ANNOUNCE — SUPPRESSION OF EVIDENCE.

Suppression of evidence, as a remedy for a violation of the statute
that requires a police officer executing a search warrant to knock
and announce authority and purpose and be refused admittance
before entering by force, is appropriate only where the police con-
duct is unreasonable by Fourth Amendment standards (US Const,
Am IV; MCL 780.656; MSA 28.1259[6]).

*Frank J. Kelley*, Attorney General, *Thomas L.
Casey*, Solicitor General, *John D. O'Hair*, Prosecuting
Attorney, and *Timothy A. Baughman*, Chief of
Research, Training, and Appeals, for the people.

*Steven Fishman*, for the defendant.

Before: HOEKSTRA, P.J., and CAVANAGH and O'CONNELL, JJ.

O'CONNELL, J. Defendant was charged with possession with intent to deliver fifty grams or more, but less than 225 grams, of cocaine, MCL 333.7401(2)(a) (iii); MSA 14.15(7401)(2)(a)(iii), and possession with intent to deliver less than fifty grams of heroin, MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv). The drugs were seized during the execution of a search warrant. Defendant moved to suppress the evidence on the basis of a violation of the knock-and-announce statute, MCL 780.656; MSA 28.1259(6). The trial court granted the motion and dismissed the charges. The prosecutor appeals as of right. We reverse and remand.

This case affords this Court an opportunity to pass further on the question whether the necessary response to violations of the knock-and-announce statute is to suppress the evidence seized, in the manner of violations of Fourth Amendment search-and-seizure principles.[1] We hold that suppression is not necessarily required.

In the present case, after conducting an evidentiary hearing and entertaining arguments, the trial court found that the officers did knock and announce their presence, but that they did not give the occupants of the house sufficient time to respond before opening the door by force. The court then stated, "[I]f I were truly faithful to my oath, I would go on to say that . . .

---

[1] We note that the Supreme Court has granted leave to appeal the unpublished case of *People v Stevens*, unpublished opinion of the Court of Appeals, decided October 28, 1997 (Docket No. 199175), lv gtd 458 Mich 875 (1998). That case concerns the same issue that we here address.

the way in which entry was procured . . . did not result in the seizure of the evidence and, therefore, I would deny suppression." The court explained that apart from the failure of the police to comply with the requirements of the knock-and-announce statute, the seizure of the drugs flowed from the execution of a lawful search warrant and not from any failure to give the occupants adequate time to answer the door. However, the court declined to rule in favor of the prosecution on that ground because of the lack of precedential authority. Instead, the court granted defendant's motion and invited the prosecutor to appeal the court's "erroneous ruling."

This Court reviews a trial court's ruling regarding a motion to suppress for clear error. *People v Truong (After Remand)*, 218 Mich App 325, 334; 553 NW2d 692 (1996). "A decision is clearly erroneous if, although there is evidence to support it, this Court is left with a definite and firm conviction that a mistake has been made." *People v Vasquez (On Remand)*, 227 Mich App 108, 110; 575 NW2d 294 (1997). Although we do not disturb a trial court's factual findings absent clear error, we afford a trial court's application of constitutional standards no such deference. *Truong, supra* at 334. That is a question of law calling for review de novo. *People v Melotik*, 221 Mich App 190, 198; 561 NW2d 453 (1997).

The knock-and-announce statute provides as follows:

> The officer to whom a warrant is directed, or any person assisting him, may break any outer or inner door or window of a house or building, or anything therein, in order to execute the warrant, if, after notice of his authority and purpose, he is refused admittance, or when necessary to liber-

ate himself or any person assisting him in execution of the warrant. [MCL 780.656; MSA 28.1259(6).]

Because the statute's requirement that officers knock and announce themselves before entering a house or building to execute a search warrant "has its roots in the Fourth Amendment . . . , when the method of entry violates the knock-and-announce statute, the exclusionary rule may come into play if the Fourth Amendment standard of reasonableness is also offended." *People v Polidori*, 190 Mich App 673, 676-677; 476 NW2d 482 (1991). In *Polidori*, this Court noted that failure to comply with the statute may be excused when exigent circumstances are present, as where evidence would be destroyed or lives endangered by the delay, or when compliance with the statute would be a "useless gesture." *Id.* at 677. Those circumstances being absent in *Polidori*, this Court held that because the police violated the statute by failing to allow a reasonable time for the occupants of the house to answer the door, "the search and seizure was constitutionally invalid" despite the existence of a warrant, *id.*, and that suppression of the evidence was the appropriate remedy, *id.* at 677-678.

In *People v Williams (After Remand)*, 198 Mich App 537; 499 NW2d 404 (1993), this Court affirmed the denial of a motion to suppress, finding that pursuant to the exceptions noted in *Polidori*, compliance with the knock-and-announce statute was excused because the officers were observed before knocking and, after knocking, the occupants were seen running toward the back of the house. *Id.* at 544-546.

In *People v Asher*, 203 Mich App 621; 513 NW2d 144 (1994), the police had violated the statute by failing to give the occupants a reasonable time to answer the

door. Judges SAWYER and WEAVER (now Justice WEAVER) stated that they

> would not conclude that a timing error in the execution of a valid search warrant offends the Fourth Amendment reasonableness requirement. However, in *Polidori*, this Court held that if the method of entry violates the knock-and-announce statute, the exclusionary rule must apply. Consequently, we are compelled by Administrative Order No. 1990-6 to follow *Polidori* and conclude that the evidence recovered must be suppressed. Were it not for the administrative order, we would not require the evidence to be suppressed. [*Id.* at 624.]

Judge GAGE dissented, stating that *Polidori* did not adopt a blanket rule "requiring suppression for every violation of the knock-and-announce statute," but simply "cited broader principles of Fourth Amendment reasonableness as the test for whether a knock-and-announce violation requires suppression." *Id.* at 625-626 (GAGE, J., dissenting). She was of the opinion that the search was not unreasonable for Fourth Amendment purposes solely because of the timing error in effectuating entry according to state statute, and thus that suppression was not required. *Id.* at 627 (GAGE, J., dissenting).[2] As Judge GAGE observed,

---

[2] Following this Court's decision in *Asher*, this Court, in *People v Tanner*, 222 Mich App 626; 564 NW2d 197 (1997), recognized *Polidori's* holding that "[t]he exclusionary rule may come into play where the police fail to comply with the knock and announce rule and their entrance otherwise violates the Fourth Amendment standard of reasonableness," *id.* at 635, but did not have occasion to address it further because the trial court had improperly denied the defendant's motion for an evidentiary hearing regarding the issue of the officers' compliance with the statute, *id.* at 635-636. In the meantime, the United States Supreme Court, in *Wilson v Arkansas*, 514 US 927; 115 S Ct 1914; 131 L Ed 2d 976 (1995), declined an opportunity to determine whether suppression was required pursuant to a violation of the knock-and-announce principle (the state, analogizing to the "independent source" doctrine and "inevitable discovery" rule, had

> MCL 780.656; MSA 28.1259(6) permits an officer to break
> the door or window of a building to execute a warrant if,
> after notice of his authority and purpose, he is refused
> admittance. The statute does not provide for suppression of
> evidence seized in noncompliance with the statute; rather,
> violation of the statute is punishable as a misdemeanor.
> [*Asher, supra* at 625 (GAGE, J., dissenting), citing MCL
> 780.657; MSA 28.1259(7).]

We share Judge GAGE's concern that the *Asher* majority effectively disregarded the statutory misdemeanor sanction for violations of the knock-and-announce statute and attempted to elevate some, if not all, such violations to constitutional violations requiring suppression.[3] We do not feel that *Polidori* compels this result, nor are we aware of any other state that requires so harsh a remedy for every knock-and-announce violation.[4]

In *People v Ortiz (After Second Remand)*, 224 Mich App 468; 569 NW2d 653 (1997), the police broke down the door to the enclosed front porch of the defendant's home without providing proper notice. Before they reached the entrance to the house proper, shots were fired and the officers retreated. "For the next hour, the officers waited, occasionally

---

argued that any evidence seized was causally disconnected from the constitutional violation), because the "issue was not addressed by the court below and is not within the narrow question on which [the Court] granted certiorari . . . ." *Id.* at 937, n 4.

[3] We note that the *Asher* majority was uncomfortable with its own conclusion, stating in dicta that it "would not conclude that a timing error in the execution of a valid search warrant offends the Fourth Amendment. " *Asher, supra* at 624.

[4] We believe that *Asher* and *Polidori* can be read so they do not conflict with each other. However, to the extent that *Asher* conflicts with *Polidori*, the latter must prevail, it being the first of the two to be published after November 1990. *People v Young*, 212 Mich App 630, 639; 538 NW2d 456 (1995), remanded on other grounds 453 Mich 976 (1996).

using the bullhorn to announce their continued presence and ask defendant to surrender. Eventually, defendant and another occupant of the home surrendered. It was at this time the officers finally entered the home, initially to secure the premises, and executed the search." *Id.* at 488 (MURPHY, J., dissenting). The trial court suppressed the evidence on the basis of the violation of the knock-and-announce statute. *Id.* at 481. This Court affirmed, rejecting as unpreserved for appeal the prosecutor's argument that the delay in the execution of the warrant purged any taint caused by the initial violation of the statute. *Id.*[5]

Concluding that review of the issue was proper, Judge MURPHY dissented. He stated that when suppression of evidence is sought in response to "unlawful government misconduct, the appropriate inquiry 'is whether the evidence was procured by an exploitation of the illegality or, instead, by means sufficiently distinguishable to be purged of the primary taint.' " *Id.* at 487 (MURPHY, J., dissenting), quoting *People v Lambert*, 174 Mich App 610, 617; 436 NW2d 699 (1989). With that test in mind, Judge MURPHY concluded as follows:

> I do not consider the purpose and flagrancy of the violation [of the knock-and-announce statute] to rise to such a level that it irreparably tainted the seizure of the evidence . . . . The officers were executing a drug warrant, and physical violence and evidence destruction frequently occur during the execution of such warrants. While there was no

---

[5] The Court also rejected the argument presented here, that application of the exclusionary rule is too harsh a remedy, because the prosecutor relied on *Wilson, supra,* and this Court "decline[d] to view the [United States Supreme] Court's refusal to address the application of the exclusionary rule to violations of the knock-and-announce principle as an indication of support for the prosecutor's argument." *Ortiz, supra* at 483-484.

testimony or evidence . . . that indicates that the officers had a reasonable suspicion of such risk, which would have justified a no-knock entry, such risks were nonetheless legitimate[] and . . . proper concerns. In addition, the officers knew they were initially entering a porch, as opposed to living quarters, . . . which . . . mitigates the flagrancy of, if not totally precludes, any violation of the knock-and- announce statute.

. . . [I]t would certainly be a stretch to say that the officers exploited their initial entry to obtain the evidence seized. If anything, they were placed at a disadvantage by their initial entry. The standoff gave defendant an opportunity to destroy evidence . . . . The time and intervening circumstances between the initial entry and the seizure of the evidence clearly favor a purging of the taint of any illegality, and the purpose and flagrancy of the illegality was not so great as to mandate a contrary holding. [*Id.* at 488-489 (MURPHY, J., dissenting) (internal quotation marks and citation omitted).]

Our Supreme Court granted leave to appeal *Ortiz* and reversed "for the reasons stated by the dissenting opinion" of Judge MURPHY. *People v Ortiz*, 456 Mich 945 (1998). Thus the Supreme Court has overruled this Court's decision in *Ortiz* and adopted Judge MURPHY's dissent. We note that Judge MURPHY's opinion is in accord with Judge GAGE's dissent in *Asher* (that a timing error in effectuating entry did not by itself render a search unreasonable, and thus suppression was not required). In light of these developments, we conclude that only where a violation of the knock-and-announce statute also constitutes a violation of the Fourth Amendment is suppression of evidence appropriate; any violation of the statute that falls short of unreasonable police conduct for pur-

poses of the Fourth Amendment does not warrant suppression.[6]

We agree that *Polidori* did not require blanket suppression for every violation of the knock-and-announce statute, but instead simply cited broader principles of Fourth Amendment reasonableness as the test for whether a knock-and-announce violation requires suppression. *Asher, supra* at 625-626 (GAGE, J., dissenting). This reading of *Polidori* is in accord with the Supreme Court's disposal of *Ortiz*.

When this Court's decision in *Polidori, supra,* is understood in its proper factual context, the propriety of the remedy for a violation of the knock-and-announce statute in light of Fourth Amendment suppression requirements must be determined case by case, and suppression is not automatically required for every violation of the statute. Support for this position comes from *Polidori* itself, where this Court stated, "Because the primary purpose of the constitutional guarantee is to prevent unreasonable invasions, if a police officer has reasonable cause to enter a dwelling to make an arrest, his entry and search are not unreasonable." *Id.* at 677. *Polidori* further held that strict compliance with the statute may be excused under certain circumstances. *Id.*

We conclude that the remedy of suppression is appropriate for violations of the knock-and-announce statute only where the police conduct is unreasonable

---

[6] In the case at bar, the trial court declared that the police entry was unreasonable under the Fourth Amendment, in which case suppression of the evidence seized would be required regardless of the implications of the knock-and- announce statute. However, our reading of the transcript suggests that the trial court was simply equating a violation of the knock-and-announce statute with a Fourth Amendment violation.

by Fourth Amendment standards. If the police misconduct is not so egregious as to be constitutionally unreasonable, suppression of the evidence seized is not warranted.

In the present case, the trial court properly determined that the seizure of the contraband flowed from the execution of a lawful search warrant and not from the failure to give the occupants of the house adequate time to answer the door. However, the learned judge declined to admit the evidence out of concern for precedential authority. We believe the trial court was correct when it ruled that the seizure of the drugs flowed from the execution of the search warrant and not from the timing violation of the knock-and-announce rule. We do not believe this timing error rises to the level of unreasonable police conduct for purposes of a Fourth Amendment violation. Accordingly, we affirm the reasoning of the trial court and accept its invitation to reverse its reluctantly made decision.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

HOEKSTRA, P.J., concurred.

CAVANAGH, J. I concur in the result only.