# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellant,

v

JERRELL DEONTE GRIFFEN,

Defendant-Appellee.

UNPUBLISHED
July 16, 2015

No. 321317
Wayne Circuit Court
LC No. 13-011629-FH

Before: FORT HOOD, P.J., and SAAD and RIORDAN, JJ.

PER CURIAM.

The prosecution appeals as of right the trial court's order granting defendant's motion to suppress and subsequent order dismissing the case. We reverse and remand for further proceedings consistent with this opinion.

This case arises from defendant's alleged carrying of a concealed weapon in his vehicle on December 13, 2013. Michigan State Troopers Phillip Duplessis and Jonathan Henry decided to follow defendant's vehicle after they witnessed defendant make an "erratic" turn away from their cruiser. After observing defendant disregard a traffic signal, the troopers performed a traffic stop. The officers discovered that defendant's license was suspended, and Duplessis arrested defendant. Henry searched defendant's vehicle, and located a firearm underneath the driver's seat. Defendant was charged with carrying of a concealed weapon, and defendant moved to suppress the firearm for lack of probable cause to support the warrantless search. After an evidentiary hearing, the trial court granted defendant's motion, as well as defendant's subsequent motion to dismiss the charge based on lack of evidence.

The prosecution argues that the trial court erred in concluding that the inventory search was performed as a pretext for criminal investigation. We agree.

This Court reviews a trial court's findings of fact in a suppression hearing for clear error. *People v Hyde*, 285 Mich App 428, 436; 775 NW2d 833 (2009). A decision is clearly erroneous if, although there is evidence to support it, this Court is left with a definite and firm conviction that a mistake has been made. *People v Howard*, 233 Mich App 52, 54; 595 NW2d 497 (1998) (citation omitted). The ultimate decision on a motion to suppress is reviewed de novo. *Hyde*, 285 Mich App at 436.

The United States and the Michigan Constitutions prohibit unreasonable searches and seizures. US Const, Am IV; Const 1963, art 1, § 11. When evidence has been seized as a result of an unreasonable search and seizure, "it must be excluded from trial." *People v Chowdhury*, 285 Mich App 509, 516; 775 NW2d 845 (2009). Warrantless searches are presumptively unreasonable under the Fourth Amendment unless a specific exception to the warrant requirement applies. *Arizona v Gant*, 556 US 332, 338; 129 S Ct 1710; 173 L Ed 2d 485 (2009). When defendant moves to suppress evidence, "it is the prosecutor's burden to show that the search and seizure of that evidence was justified by a recognized exception to the warrant requirement." *People v Jordan*, 187 Mich App 582, 589; 468 NW2d 294 (1991).

The prosecutor argues that the search of defendant's vehicle was valid under the well-known inventory search exception to the warrant requirement. Under the inventory search exception, the police may conduct an inventory search of a vehicle that is being impounded following the driver's valid arrest. *People v Toohey*, 438 Mich 265, 271-272, 284; 475 NW2d 16 (1991). To be constitutional, an inventory search (1) must be conducted in accordance with established departmental procedures, which all police officers are required to follow, and (2) must not be used as a pretext for criminal investigation. *Id*. at 284.

At the evidentiary hearing, the trial court properly found that the prosecutor adequately established the existence of a departmental policy concerning the proper inventorying of impounded vehicles. While defendant argues that this burden could not have been met in light of the prosecutor's failure to produce written policies at the hearing and on appeal, the prosecution is not required to provide written policies. "The testimony of police officers may be sufficient to establish the existence of a standard procedure or routine." *People v Green*, 260 Mich App 392, 411; 677 NW2d 363 (2004), overruled in part on other grounds, *People v Anstey*, 476 Mich 436; 719 NW2d 579 (2006). Defendant did not challenge the validity of these policies at the hearing or on appeal, and the trial court was free to accept Henry's testimony regarding the existence of the Michigan State Police Department's standard vehicle inventory practices and that the troopers performed the vehicle search in accordance with these policies.

The trial court then found that the inventory search was merely a pretext for the officer's search to conduct a criminal investigation, rendering an otherwise permissible inventory search unconstitutional. Specifically, the trial judge stated:

> I believe that both officers had an understanding that they had the authority to search that vehicle as an inventory search incident to arrest for the driving with the suspended license . . . but an inventory search can't be a pretext to looking for some other evidence and I think that when the officers [] searched that vehicle I think they're using the inventory search as a pretext, at that point, to look for other evidence of crimes for which there was no probable cause that would have allowed them to search that vehicle.
>
> They were on a public street. It was in a safe area. The vehicle could have been left behind . . . I don't think that under this circumstance they had any reason that they actually had to have that vehicle towed. They could have given him an opportunity to call someone else to the scene to take the car away but I think they wanted to do an inventory search as a pretext to get them into that

vehicle to search for other contraband and I don't think that the law allows that and so I'm going to grant [the] motion to suppress the evidence.

After reviewing the record, we conclude that the trial court clearly erred in its determination. First, the prosecutor correctly argues that the trial court's reliance on the availability of less-intrusive alternatives to impoundment in deciding that a pretext must exist constituted error. While the troopers had options short of impoundment, "the ability of the police to safeguard an arrested person's property in a less intrusive manner than impoundment [does] not render an otherwise reasonable impoundment unconstitutional." *Toohey*, 438 Mich at 290.

Further, the trial court's finding that the search was a pretext for a criminal investigation was not supported by the evidence. It is true that at the hearing, Duplessis initially neglected to refer to the search of defendant's vehicle as an "inventory search," instead relying on defendant's consent to justify the search.[1] By way of explanation of why he asked for defendant's consent to search the vehicle, Duplessis testified that he suspected that defendant made an erratic turn because he was trying to hide something "in the glove compartment or under the seat." However, Duplessis also clearly testified that he searched the vehicle "[t]o conduct an inventory search because [defendant] had a suspended license. The vehicle was going to be towed[.]" In addition, Henry, the officer who actually conducted the search, plainly testified that the search of defendant's vehicle was an inventory search pursuant to department policy. Henry stated that he searched the vehicle because it was going to be impounded and completed an impound sheet,[2] which included a list of valuable items in the vehicle. Henry specifically denied that the decision to search the vehicle was made at the same time that the officers decided to arrest defendant, explaining that "[t]he vehicle was going to be searched because it was going to be towed because he really couldn't legally drive it and we weren't going to leave it where it was." We do not agree that Duplessis's testimony that he asked defendant's consent to search the vehicle because he believed defendant may have been hiding something establishes pretext for criminal investigation, especially in light of the plain testimony of both Duplessis *and* Henry that the search was completed for inventory purposes. Based on the record, we conclude that the trial court clearly erred in determining that the inventory search was merely a pretext for criminal investigation.

Reversed and remanded for further proceedings consistent with this opinion.

/s/ Karen M. Fort Hood
/s/ Henry William Saad
/s/ Michael J. Riordan

---

[1] Duplessis testified that the search was proper because defendant gave consent to search the vehicle. However, the trial court found that Duplessis's testimony regarding defendant's consent was not credible. The prosecution does not appeal on this issue.

[2] The impound sheet was not admitted at trial, or provided with discovery. However, Henry testified that an impound sheet is not routinely included in the police report.